The Village of Kewanee v. John H. Ladd.

1. CITIES AND VILLAGES—*Using Private Sewers—Liability of.*—A village, by connecting its sewers, ditches or drains with the drains constructed by private persons, and by draining the surface water of the streets and the sewage of the village into such private drains, adopts them and becomes responsible for damage done by polluted water passing through them to the same extent as if it had originally constructed them.

2. SAME—*May be Liable as Joint Tort Feasors for an Entire Damage.*—By flowing its sewage through private drains, a village contributes to produce an injury caused by sewage issuing from such drains. It thus becomes a joint *tort feasor* and as such is liable for the whole damage.

Village of Kewanee v. Ladd.

Trespass on the Case, for injuries caused by sewage. Appeal from the Circuit Court of Henry County; the Hon. HIRAM BIGELOW, Judge, presiding.   Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

CHAS. E. STURTZ and BLISH & LAWSON, attorneys for appellant.

CHARLES K. LADD, attorney for appellee.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was an action on the case by appellee against appellant, to recover damages for injuries alleged to have been sustained by reason of appellant wrongfully flowing water contaminated by poisonous substances, and discharging the same upon lands of appellee, whereby it is claimed his pasture and stock were damaged, and some of his stock and horses killed. There was a trial by jury, verdict for $750, and judgment for that amount in favor of appellee. Appellant brings the case to this court and insists upon a reversal because it claims :

1.   The evidence fails to show that the village of Kewanee has in any way contributed to, or done, the damage complained of by appellee.

2.   That the verdict is not sustained by the evidence.

3.   That the evidence does not show that the water was the cause of the injury to appellee's stock.

4.   That the damages are excessive.

5.   That the court erred in giving and refusing instructions.

We think the evidence was sufficient to sustain the verdict.

The village, by connecting its sewers, ditches or drains with the drains constructed by private persons, and draining the surface water of the streets and sewage of the village into these private tile drains, adopted them, and would be responsible for the flowage of polluted water through them, to the same extent as if it had originally constructed

the drain or laid the tile. By flowing its sewage through these private drains the village at least contributed to produce the injury sustained by appellee. It thus became a joint *tort feasor*, and as such would be liable for the whole damage. We can not say the damages are excessive. Appellant did not attempt, by evidence, to controvert the amount of damages sworn to by appellee's witnesses, and therefore, on that question, the verdict was warranted by the evidence.

We find no material error on the part of the court in giving or refusing instructions, and the judgment will be affirmed.